# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
|     Plaintiff, | : Case No. _____ |
| | : |
| v. | : <u>JURY TRIAL DEMANDED</u> |
| | : |
| CHECKMATE PHARMACEUTICALS, INC., MIKE POWELL, PETER COLABUONO, ALAN FUHRMAN, JON WIGGINTON, ALAN BASH, KEITH FLAHERTY, OREN K. ISACOFF, and JOY YAN, | : **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On April 19, 2022, Checkmate Pharmaceuticals, Inc. ("Checkmate" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Regeneron Pharmaceuticals, Inc. ("Parent") and Scandinavian Acquisition Sub, Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Checkmate's outstanding common stock for $10.50 in cash per share. The Tender Offer is set to expire on May 30, 2022.

3. On May 2, 2022, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Recommendation Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Checkmate common stock. Plaintiff resides in this District.

9. Defendant Checkmate is a Delaware corporation. Checkmate's common stock is traded on the NASDAQ under the ticker symbol "CMPI."

10. Defendant Mike Powell is Chairman of the Board of Directors of Checkmate (the "Board").

11. Defendant Alan Bash is President, Chief Executive Officer and a member of the Board.

12. Defendant Peter Colabuono is a member of the Board.

13. Defendant Alan Fuhrman is a member of the Board.

14. Defendant Jon Wigginton is a member of the Board.

15. Defendant Keith Flaherty is a member of the Board.

16. Defendant Oren K. Isacoff is a member of the Board.

17. Defendant Joy Yan is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Checkmate is a clinical stage biotechnology company focused on developing its proprietary technology to harness the power of the immune system to combat cancer.

20. On April 18, 2022, Checkmate entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Regeneron Pharmaceuticals, Inc. (NASDAQ: REGN) and Checkmate Pharmaceuticals, Inc. (NASDAQ: CMPI) a clinical stage biopharmaceutical company focused on proprietary technology to harness the power of the immune system to combat cancer, today announced a definitive agreement for the acquisition of Checkmate by Regeneron at an all-cash price of $10.50 per share of Checkmate common stock. The proposed acquisition values Checkmate at a total equity value of approximately $250 million.

Checkmate's lead investigational candidate is vidutolimod, an advanced generation CpG-A oligodeoxynucleotide Toll-like receptor 9 (TLR9) agonist delivered in a virus-like particle.

"As we continue to advance and expand our research efforts in immuno-oncology, the acquisition of Checkmate will add a promising new modality to Regeneron's toolkit of potential approaches for difficult-to-treat cancers," said Leonard S. Schleifer, M.D., Ph.D., President and Chief Executive Officer of Regeneron. "The unique combination of a differentiated Toll-like receptor 9 with other antibody-

based oncology agents may result in increased clinical benefit and provide new treatment options for patients in need. We look forward to welcoming the Checkmate team and their complementary scientific acumen to the Regeneron family."

"We are thrilled that Checkmate will become part of Regeneron, a biotechnology leader that shares our deep appreciation for science, hunger for ground-breaking discoveries and commitment to helping patients defeat cancer," said Alan Bash, President and Chief Executive Officer of Checkmate.

"We believe that the data we have generated with vidutolimod positions Checkmate at the forefront of the innate immune activator field. It is our hope that Regeneron's resources and expertise will help accelerate the development of vidutolimod and realization of the full potential of our virus-like particle (VLP) platform for immunotherapy," said Art Krieg, M.D., Checkmate's Founder and Chief Scientific Officer.

Vidutolimod is administered into the tumor and is believed to induce and expand anti-tumor T cells and induce tumor regression as a monotherapy in patients whose tumors previously progressed on PD-1 checkpoint inhibition. In the Phase 1b program, documented abscopal responses were seen in distant, un-injected lesions. Vidutolimod is an investigational therapy and has not been approved by U.S. Food and Drug Administration or any other regulatory agency.

The merger agreement provides for Regeneron, through a subsidiary, to initiate a tender offer to acquire all outstanding shares of Checkmate at an all-cash price of $10.50 per share of Checkmate common stock. The closing of the tender offer will be subject to certain conditions, including the tender of at least a majority of the outstanding shares of Checkmate common stock, the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary closing conditions. Upon the successful completion of the tender offer, Regeneron will acquire all shares not acquired in the tender through a second-step merger. The transaction is expected to close in mid-2022.

Regeneron's legal advisor for the transaction is Wachtell, Lipton, Rosen & Katz. Centerview Partners is serving as Checkmate's financial advisor and Goodwin Procter LLP is serving as its legal advisor.

22.    On May 2, 2022, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Analyses</u>

23.    The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by Centerview Partners ("Centerview"). When a banker's

4

endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

24. Regarding Centerview's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose: (i) the unlevered free cash flows utilized by Centerview; (ii) the terminal values utilized by Centerview; (iii) the inputs and assumptions underlying the discount rates utilized by Centerview; and (iv) the tax savings utilized by Centerview.

25. Regarding Centerview's Analyst Price Target Analysis, the Recommendation Statement fails to disclose: (i) the price targets utilized by Centerview; and (ii) the sources of the price targets utilized by Centerview.

26. Regarding Centerview's Premia Paid Analysis, the Recommendation Statement fails to disclose: (i) the transactions utilized by Centerview; and (ii) the premiums paid in the transactions utilized by Centerview.

## COUNT I

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

27. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

28. Section 14(e) of the Exchange Act states:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

29. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the

statements therein not misleading.

30. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

31. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

32. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

33. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

34. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

35. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

36. Accordingly, defendants violated Section 14(e) of the Exchange Act.

37. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

38. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

39. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance

with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

40. Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

41. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

42. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

43. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

44. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

45. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

46. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Volt within the meaning of Section 20(a) of the Exchange Act as alleged herein.

48. Due to their positions as directors of Volt and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

51. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

52. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

53. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by

their acts and omissions as alleged herein.

54. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

55. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 12, 2022            **GRABAR LAW OFFICE**

By: _____/s/ Joshua H. Grabar_____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*